IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CARLOS MATA, )
)
    Plaintiff, )
)
) CIV-10-419-D
v. )
)
ROGER LEVICK, et al., )
)
    Defendants. )

REPORT AND RECOMMENDATION

On April 26, 2010, Plaintiff, appearing *pro se*, filed this action pursuant to 42 U.S.C. §1983. In his Complaint, Plaintiff alleged that he was in custody at the Jackson County jail and that he had been denied various constitutional rights during his detention. Plaintiff names four Jackson County jail officials as Defendants. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed with prejudice for lack of jurisdiction and that his motion for leave to proceed *in forma pauperis* be denied as moot.

I. Statutory Screening of Prisoner Complaints

    The Court must screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972).

II. Analysis

On April 26, 2010, Plaintiff filed his Complaint along with an application pursuant to 28 U.S.C. § 1915 for leave to proceed *in forma pauperis*. In his *in forma pauperis* application, Plaintiff stated that he had been unable to obtain a certified copy of his institutional account, despite his requests that jail officials provide the necessary document. On April 27, 2010, Plaintiff was advised in a preliminary Order that his *in forma pauperis* motion did not contain the requisite certified copy of the statement of his institutional

account or the signature of an authorized officer of the institution. Plaintiff was warned that the undersigned would recommend dismissal of the action without prejudice and without notice if he failed to cure these deficiencies by May 17, 2010.

On April 30, 2010, Plaintiff filed a notice of change of address indicating that he was no longer being detained at the Jackson County jail and providing a private address for future mail. Plaintiff has not attempted to cure the deficiencies in his *in forma pauperis* application as directed by the Court or sought an extension of time to do so. However, because the Court lacks jurisdiction over the matter, the application should be denied as moot.

"Article III's requirements that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot - i.e. where the controversy is no longer live and ongoing." Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(superceded by statute on other grounds). A "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future." Facio v. Jones, 929 F.2d 541, 544 (10th Cir. 1991).

In his Complaint, Plaintiff's only demands for relief are "[t]he ability to receive: the basic supplies like every 'similarly situated' inmate/prisoner; to have the same kind of visiting privilege(s) as everyone else; and to be able to exhaust the grievance procedure." Plaintiff's release from custody renders his requests for prospective injunctive relief moot,

and the action should be dismissed with prejudice for lack of jurisdiction.[1] See Wirsching v. Colorado, 360 F.3d 1191, 1196 (10th Cir. 2004)(inmate's release from prison moots his claims for declaratory and injunctive relief); McAlpine v. Thompson, 187 F.3d 1213, 1215 (10th Cir. 1999)(recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief).

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's 42 U.S.C. § 1983 action be DISMISSED with prejudice for lack of jurisdiction and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. #2) be DENIED as moot. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by      June 16th      , 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

---

[1] Plaintiff has not demonstrated a reasonable expectation that he will be subjected to detention again, and therefore this is not the type of case to which an exception to the mootness doctrine applies. See Murphy v. Hunt, 455 U.S. 478, 482 (1982).

4

Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this   27th   day of   May  , 2010.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE